# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, as subrogee of Tom Hart, 2775 Sanders Road, Suite A8 Northbrook, IL 60062, | CASE NO: |
| | JUDGE: |
| *Plaintiff,* | |
| v. | |
| DELL INC. c/o Registered Agent: Corporation Serv. Co. 211 E. 7th St., Suite 620 Austin, TX 78701 | |
| and | COMPLAINT |
| SIMPLO TECHNOLOGY CO. LTD. No. 471, Sec. 2, Bade Rd., Hukou Township, Hsinchu County, 30348, Taiwan (R.O.C.) | (Jury Demand Endorsed Herein) |
| and | |
| LG ELECTRONICS U.S.A., INC. c/o Reg. Agent – Corporation Service Co. 50 W. Broad St., Suite 1330 Columbus, OH 43215 | |
| and | |
| NEWEGG INC., c/o Reg. Agent – CSC – Lawyers Inc. Serv. 2710 Gateway Oaks Drive, Suite 150N Sacramento, CA 95833 | |
| *Defendants*. | |

## COMPLAINT

Plaintiff, ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, as

subrogee of Tom Hart, through its undersigned counsel, complains of Defendants DELL INC.;

SIMPLO TECHNOLOGY CO. LTD.; LG ELECTRONICS U.S.A., INC. and NEWEGG, INC. as follows:

## JURISDICTION & VENUE

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. 1332(a)(2) as Plaintiff Allstate Vehicle and Property Insurance Company is an Illinois Corporation, with its principal place of business in Northbrook, Illinois. Defendant Dell Inc. is a Delaware Corporation, with its principal place of business in Round Rock, Texas; Defendant Simplo Technology Co., Ltd. is a foreign corporation, with its principal place of business in Hsinchu County, Taiwan; Defendant LG Electronics U.S.A., Inc. is a Delaware Corporation, with its principal place of business in Englewood Cliffs, New Jersey and Defendant Newegg, Inc. is a Delaware corporation with its principal place of business in Whittier, California. The amount in controversy exceeds $75,000 exclusive of costs and interest.

2. Venue in this District is proper under 28 U.S.C. 1391(a)(2) as the real and personal property damage that is the subject of this action occurred in the city of Dayton, state of Ohio.

## THE PARTIES

3. Plaintiff Allstate Vehicle and Property Insurance Company ("Allstate") is an insurance company organized and existing under the laws of the State of Illinois and is licensed to conduct business in the State of Ohio.

4. At all material times, Tom Hart was the owner of certain real and personal property located at 735 Greenlawn Avenue, Dayton, Ohio (hereinafter the "Hart Residence").

5. At all material times, the Hart Residence was the subject of a policy of insurance written by Allstate, which, *inter alia*, provided coverage for damage caused to the residence and its contents by fire.

6. Upon information and belief, at all material times, Defendant Dell Inc. ("Dell") designed, manufactured, tested, inspected and distributed laptop computers.

7. Upon information and belief, at all material times, Defendant Simplo Technology Co. Ltd. ("Simplo") designed, manufactured, tested, inspected and distributed laptop lithium-ion battery packs.

8. Upon information and belief, at all material times, Defendant LG Electronics U.S.A., Inc. ("LG") designed, manufactured, tested, inspected and distributed laptop lithium-ion battery cells.

9. Upon information and belief, at all material times, Defendant Newegg, Inc. ("Newegg") was a technology focused e-retailer, in the business of distributing, inspecting and at times, refurbishing laptop computers.

## FACTUAL ALLEGATIONS

10. This action arises out of a July 24, 2017 fire, which occurred at the Hart Residence, which caused substantial damage to the residence and its contents (the "subject fire loss").

11. Upon information and belief, investigations into the subject fire loss revealed it was caused by overheating at or near the battery pack of a Dell notebook laptop computer ("Dell laptop").

12. Specifically, upon information and belief, investigations revealed that overheating near the battery pack, manufactured by Simplo ("Simplo battery"), in the Dell

3

laptop, melted the surrounding plastic and other polymeric material, which ignited nearby combustibles.

13. Furthermore, upon information and belief, the LG battery cells, were involved in the overheating situation.

14. Upon information and belief, Dell was the manufacturer and distributor of the Dell laptop.

15. Upon information and belief, Simplo was the manufacturer of the Simplo battery sold and marketed under the Dell brand name, which was included in the Dell laptop.

16. Upon information and belief, LG was the manufacturer of the battery cells used to power the Dell laptop, sold and marketed under the Dell brand name and included with the Dell laptop.

17. Upon information and belief, the Dell laptop was purchased by Hart sometime before July 24, 2017, from Newegg.

18. From its date of purchase to the date of the fire, Hart used the Dell laptop for its normal and intended purpose of computer activities.

19. Upon information and belief, the Dell laptop and the Simplo battery, as well as the LG battery cells, were not altered, modified, or repaired in any way subsequent to its purchase by Hart.

20. Pursuant to Hart's policy of insurance, Hart made a claim seeking indemnification and reimbursement for the damaged caused by the July 24, 2017 subject fire loss at the Hart residence.

21. Plaintiff Allstate has since paid to or on behalf of Hart a sum in excess of One Hundred Fifty Thousand Dollars ($150,000) for repairs, replacement and other associated expenses stemming from the subject fire loss.

22. In consideration of this payment by Plaintiff Allstate to Hart, and by operation of law, Allstate became an actual, bona fide subrogee of Hart, and became subrogated to his rights and claims against any person or entity that may be liable for causing the fire at the Hart residence.

### COUNT I – DELL
### STRICT PRODUCT LIABILITY

23. Plaintiff Allstate repeats and re-alleges paragraphs 1 through 22 of this Complaint, as though fully set forth in this Count I.

24. At all relevant times Hart used the Dell laptop for its reasonable foreseeable and intended purpose.

25. Upon information and belief, when the Dell laptop left Defendant Dell's control and entered the stream of commerce, it was not merchantable and was not suited for its intended use, in one or more of the following ways.

    a. The Dell laptop contained one or more manufacturing defects related to the battery and the power supply;

    b. The Dell laptop contained one or more design defects related to the battery and the power source for the operation;

    c. The Dell laptop was distributed and sold with insufficient and/or improper warnings regarding the risk of fire associated with the Dell laptop; and

    d. The Dell laptop was distributed and sold with insufficient and/or improper instructions regarding proper use of the Dell laptop.

26. As a direct and proximate result of one or more of the foregoing defective conditions of the Dell laptop, the Dell laptop malfunctioned and ignited a fire within the Hart Residence.

WHEREFORE, Plaintiff, Allstate Vehicle and Property Insurance Company, as subrogee of Tom Hart, requests judgment be entered in its favor and against Defendant Dell in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000) plus costs, and for such other or further relief as this Court deems equitable and just.

## COUNT II - SIMPLO
## STRICT PRODUCT LIABILITY

27. Plaintiff Allstate repeats and re-alleges paragraphs 1 through 26 of this Complaint, as though fully set forth in this Count II.

28. At all relevant times Hart used the Simplo battery for its reasonable foreseeable and intended purpose.

29. Upon information and belief, when the Simplo battery left Defendant Simplo's control and entered the stream of commerce, it was not merchantable and was not suited for its intended use, in one or more of the following ways.

    a. The Simplo battery contained one or more manufacturing defects;

    b. The Simplo battery contained one or more design defects;

    c. The Simplo battery was distributed and sold with insufficient and/or improper warnings regarding the risk of fire associated with the Simplo battery; and

    d. The Simplo battery was distributed and sold with insufficient and/or improper instructions regarding proper use of the Simplo battery.

30. As a direct and proximate result of one or more of the foregoing defective conditions of the Simplo battery, the Simplo battery malfunctioned and ignited a fire within the Hart Residence.

WHEREFORE, Plaintiff, Allstate Vehicle and Property Insurance Company, as subrogee of Tom Hart, requests judgment be entered in its favor and against Defendant Simplo in an

6

amount in excess of One Hundred Fifty Thousand Dollars ($150,000) plus costs, and for such other or further relief as this Court deems equitable and just.

### COUNT III - LG
### STRICT PRODUCT LIABILITY

31. Plaintiff Allstate repeats and re-alleges paragraphs 1 through 30 of this Complaint, as though fully set forth in this Count III.

32. At all relevant times Hart used the LG battery cells for their reasonable, foreseeable and intended purpose.

33. Upon information and belief, when the LG battery cells left Defendant LG's control and entered the stream of commerce, they were not merchantable and were not suited for their intended use, in one or more of the following ways.

  a. The LG battery cells contained one or more manufacturing defects;

  b. The LG battery cells contained one or more design defects;

  c. The LG battery cells were distributed and sold with insufficient and/or improper warnings regarding the risk of fire associated with the LG battery cells.

34. As a direct and proximate result of one or more of the foregoing defective conditions of the LG battery cells, the LG battery cells malfunctioned and ignited a fire within the Hart Residence.

WHEREFORE, Plaintiff, Allstate Vehicle and Property Insurance Company, as subrogee of Tom Hart, requests judgment be entered in its favor and against Defendant LG in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000) plus costs, and for such other or further relief as this Court deems equitable and just.

## COUNT IV – DELL
## NEGLIGENCE

35. Plaintiff Allstate repeats and re-alleges paragraphs 1 through 34 of this Complaint, as though fully set forth in this Count IV.

36. At all relevant times, Defendant Dell had a duty to exercise reasonable care and caution in the design, manufacture, testing, inspection and distribution of the Dell laptop.

37. At all relevant times, Defendant Dell breached its duty of care by committing one or more of the following negligent acts or omissions:

    a. Defendant Dell failed to properly manufacture and/or assemble the Dell laptop;

    b. Defendant Dell failed to properly design the Dell laptop;

    c. Defendant Dell failed to properly inspect the Dell laptop before placing the product into the stream of commerce;

    d. Defendant Dell failed to properly test the Dell laptop before placing the product into the stream of commerce;

    e. Defendant Dell failed to properly warn customers, including Hart, of known dangerous conditions that existed in the Dell laptop including but not limited to known defects and/or dangerous conditions associated with the battery and electrical system;

    f. Defendant Dell failed to correct and/or remedy known defects and/or known dangerous conditions within the Dell laptop, including but not limited to known defects and/or dangerous conditions associated with the battery and power supply;

    g. Defendant Dell failed to supply customers including Hart, with adequate instructions or warnings for safe use of the Dell laptop; and

    h. Defendant Dell was otherwise careless and negligent in the design, manufacture, assembly, testing, inspection and distribution of the Dell laptop.

38. As a direct and proximate result of one or more of the foregoing negligent acts or omissions by Defendant Dell, the Dell laptop malfunctioned and ignited a fire within the Hart Residence.

8

WHEREFORE, Plaintiff, Allstate Vehicle and Property Insurance Company, as subrogee of Tom Hart, requests judgment be entered in its favor and against Defendant Dell in an amount in excess of in excess of One Hundred Fifty Thousand Dollars ($150,000) plus costs, and for such other or further relief as this Court deems equitable and just.

## COUNT V – SIMPLO
## NEGLIGENCE

39. Plaintiff Allstate repeats and re-alleges paragraphs 1 through 38 of this Complaint, as though fully set forth in this Count V.

40. At all relevant times, Defendant Simplo had a duty to exercise reasonable care and caution in the design, manufacture, testing, inspection and distribution of the Simplo battery.

41. At all relevant times, Defendant Simplo breached its duty of care by committing one or more of the following negligent acts or omissions:

    a.    Defendant Simplo failed to properly manufacture and/or assemble the Simplo battery;

    b.    Defendant Simplo failed to properly design the Simplo battery;

    c.    Defendant Simplo failed to properly inspect the Simplo battery before placing the product into the stream of commerce;

    d.    Defendant Simplo failed to properly test the Simplo battery before placing the product into the stream of commerce;

    e.    Defendant Simplo failed to properly warn customers, including Hart, of known dangerous conditions that existed in the Simplo battery including but not limited to known defects and/or dangerous conditions associated with the battery;

    f.    Defendant Simplo failed to correct and/or remedy known defects and/or known dangerous conditions within the Simplo battery, including but not limited to known defects and/or dangerous conditions associated with the battery;

    g.    Defendant Simplo failed to supply customers including Hart, with adequate instructions or warnings for safe use of the Simplo battery; and

      h.     Defendant Simplo was otherwise careless and negligent in the design, manufacture, assembly, testing, inspection and distribution of the Simplo battery.

42.     As a direct and proximate result of one or more of the foregoing negligent acts or omissions by Defendant Simplo, the Simplo battery malfunctioned and ignited a fire within the Hart Residence.

WHEREFORE, Plaintiff, Allstate Vehicle and Property Insurance Company, as subrogee of Tom Hart, requests judgment be entered in its favor and against Defendant Simplo, in an amount in in excess of One Hundred Fifty Thousand Dollars ($150,000) plus costs, and for such other or further relief as this Court deems equitable and just.

### COUNT VI – LG
### NEGLIGENCE

43.     Plaintiff Allstate repeats and re-alleges paragraphs 1 through 42 of this Complaint, as though fully set forth in this Count VI.

44.     At all relevant times, Defendant LG had a duty to exercise reasonable care and caution in the design, manufacture, testing, inspection and distribution of the LG battery cells.

45.     At all relevant times, Defendant LG breached its duty of care by committing one or more of the following negligent acts or omissions:

      a.     Defendant LG failed to properly manufacture and/or assemble the LG battery cells;

      b.     Defendant LG failed to properly design the LG battery cells;

      c.     Defendant LG failed to properly inspect the LG battery cells before placing the product into the stream of commerce;

      d.     Defendant LG failed to properly test the LG battery cells before placing the product into the stream of commerce;

      e.     Defendant LG failed to properly warn customers, including Hart, of known dangerous conditions that existed in the LG battery cells including but not limited to known defects and/or dangerous conditions associated with the battery;

  f.  Defendant LG failed to correct and/or remedy known defects and/or known dangerous conditions within the LG battery cells, including but not limited to known defects and/or dangerous conditions associated with the battery; and

  g.  Defendant LG was otherwise careless and negligent in the design, manufacture, assembly, testing, inspection and distribution of the LG battery cells.

46. As a direct and proximate result of one or more of the foregoing negligent acts or omissions by Defendant LG, the LG battery cells malfunctioned and ignited a fire within the Hart Residence.

WHEREFORE, Plaintiff, Allstate Vehicle and Property Insurance Company, as subrogee of Tom Hart, requests judgment be entered in its favor and against Defendant LG in an amount in in excess of One Hundred Fifty Thousand Dollars ($150,000) plus costs, and for such other or further relief as this Court deems equitable and just.

## COUNT VII – NEWEGG
## NEGLIGENCE

47. Plaintiff Allstate repeats and re-alleges paragraphs 1 through 46 of this Complaint, as though fully set forth in this Count VII.

48. At all relevant times, Defendant Newegg had a duty to exercise reasonable care and caution in the testing, inspection and distribution of the Dell laptop.

49. At all relevant times, Defendant Newegg breached its duty of care by committing one or more of the following negligent acts or omissions:

  a.  Defendant Newegg failed to properly inspect the Dell laptop before placing the product into the stream of commerce;

  b.  Defendant Newegg failed to properly test the Dell laptop before placing the product into the stream of commerce;

  c.  Defendant Newegg failed to properly warn customers, including Hart, of known dangerous conditions that existed in the Dell laptop, including but not limited to known defects and/or dangerous conditions associated with the battery;

    d.    Defendant Newegg failed to correct and/or remedy known defects and/or known dangerous conditions within the Dell laptop, including but not limited to known defects and/or dangerous conditions associated with the battery; and

    e.    Defendant Newegg was otherwise careless and negligent in the testing, inspection and distribution of the Dell laptop.

50.    As a direct and proximate result of one or more of the foregoing negligent acts or omissions by Defendant Newegg, the Dell laptop malfunctioned and ignited a fire within the Hart Residence.

WHEREFORE, Plaintiff, Allstate Vehicle and Property Insurance Company, as subrogee of Tom Hart, requests judgment be entered in its favor and against Defendant Newegg in an amount in in excess of One Hundred Fifty Thousand Dollars ($150,000) plus costs, and for such other or further relief as this Court deems equitable and just.

Respectfully submitted,

*/s/ Leslie E. Wargo*
Leslie E. Wargo (0073112)
WARGO LAW, LLC
1501 N. Marginal Rd., Suite 182
Cleveland, OH 44114
Telephone: (216) 403-3350
Facsimile: (216) 744-1816
Email: Leslie@Wargo-Law.com
Counsel for Plaintiff

## JURY DEMAND

Plaintiff hereby demands a trial by jury by the maximum number of jurors permitted.

*/s/ Leslie E. Wargo*
Leslie E. Wargo (0073112